and Judge Fisher, I can't see all the seated persons. I see some. But I wonder, do we have one lawyer arguing or two? Just one lawyer is here. Good morning, Your Honors. May it please the Court, my name is Charles Chester, and I am counsel for the appellants in this appeal. The record will reflect that there was no answering brief in this case and that counsel for the defendant appellee, Taylor, has made no appearance. You should be aware that the Court is fully informed about this case. We've read the briefs. So if there's something you have to add that's cogent, that would be helpful. You represent the seller. That is correct. I represent the seller. Well, simply put, Your Honors, I'll try to be brief, and obviously under the circumstances I see no need to reserve any time for rebuttal. My primary interest is to assist the Court in resolving this appeal, and obviously I would hope resolving it in favor of my clients. And so to the extent I can answer any questions that the Court may have about the record, I certainly don't want to waste the Court's time with a regurgitation of what we filed as a brief. I worked hard on that brief and tried to lay out our arguments as coherently as I could. So I do have a short presentation I can make, but if the Court has questions, I would really like to assist the Court where it has concerns. From my perspective, Judge Gould speaking, it looks to me like the appellants are in pretty good place as it now stands, and I don't really need to hear anything. Anyone else? No. Well, I'm not going to snatch defeat from the possible jaws of your jury. With that, I'm happy to submit. And again, I would just reiterate that the relief that we seek is a vacating of the judgment in its entirety and a remand to the district court with instructions that judgment be entered in favor of appellant Nash in the amount of $110,268 with legal interest thereon from the time of breach, which was January 7, 2002. And that includes net of the repairs that were paid for, that you paid for or your client paid for in lieu of making the actual repairs. That's correct. The number I give is the $121,000 component of the purchase price less the stipulated $10,732 of unperformed repairs. All right. Thank you, counsel. Thank you, Your Honors. Nash versus Taylor is submitted.
judges: Fletcher B. , Fisher, Gould